UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell A. Brantley, #108503, | ) C/A No. 4:17-814-MBS-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Aiken County Detention Center, | ) |
| Southern Health Partners, | ) |
| James Staten, | ) |
| Lt. Hettich, | ) |
| Captain Gallum, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed by a pre-trial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges that his Eighth Amendment rights have been violated due to a failure to

2

receive medical attention for an injury that happened at Aiken County Detention Center("ACDC") on August 13, 2016. (ECF No. 1 at 4). Plaintiff fell from the top bunk of his bed, which did not have a ladder to get in and out of it. (ECF No. 1 at 5-6). Plaintiff alleges that even after he fell and after he returned from the hospital with his arm in a sling, he was made to climb to the top bunk. (ECF No. 1 at 6). On the same day that Plaintiff fell, he was taken to the emergency room, and the doctor there stated that surgery was needed to fix Plaintiff's collarbone. Plaintiff states that ACDC refused Plaintiff surgery because Plaintiff did not have insurance or money to pay for the surgery. Plaintiff states ACDC would give no further medical attention. (ECF No. 1 at 6). As for relief, Plaintiff asks for his collar-bone to be fixed and for physical therapy. Plaintiff requests the bunk beds be fixed and for monetary damages. (ECF No. 1 at 6). Plaintiff alleges he was in pain while awaiting surgery.

Plaintiff states that Defendant Staten, the medical administrator, said they were not responsible. (ECF No. 1 at 9). Plaintiff alleges that on August 15, 2016, "A. Clarke" stated that Plaintiff had no medical insurance and ACDC was not responsible for any injury that occurred to him. (ECF No. 1 at 13). On March 2, 2017, Defendant Staten said the x-ray taken a week before was sent to the medical review board. Plaintiff alleges there is no medical review board. On March 10, 2017, Defendant Staten said he would schedule an appointment with an orthopedic surgeon as soon as ACDC sent a letter stating they would be responsible for the bill. (ECF No. 1 at 14).

On March 14, 2017, Defendant Hettich responded to a grievance stating requests are answered by shift commanders before going to Defendant Gallum, and Lt. Carlin has answered this question. Defendant Hettich asked Plaintiff if he had requested to be seen by medical. (ECF No. 1 at 15).

Plaintiff alleges Defendant Gallum is liable because he has known that the bunk beds were

unsafe before Plaintiff fell and that Plaintiff was not the first to be seriously injured from the beds. (ECF No. 1-2 at 3). As to Defendant Hettich, Plaintiff alleges that he failed to give Plaintiff access to the top of the chain of command and told him to talk to medical. Plaintiff sues the named Defendant persons only in their official capacity.[1]

## **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that

---

[1] Plaintiff's request for monetary damages may be barred by Eleventh Amendment immunity; however, Plaintiff's request for relief also requests physical therapy, that his collarbone be treated, and the bunk beds be fixed. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Eleventh Amendment immunity does not bar suit against state officials in their official capacity when declaratory or injunctive relief is sought.

conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

A pretrial detainee's § 1983 actions are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870.

A claim for deliberate indifference to medical care arises from the Eighth Amendment. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Plaintiff must show that officials acted with deliberate indifference to the Plaintiff's serious medical needs. *Id.*(citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Plaintiff makes sufficient factual allegations against Defendants Staten, Hettich, and Gallum to survive summary dismissal. Thus, the service of Defendants Staten, Hettich, and Gallum is recommended, through a separately docketed order.

**Defendants ACDC and Southern Health Partners (SHP)**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). ACDC does not exist as a legal entity capable of suing or being sued as it is a building, not a person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore ACDC is not a "person" subject to suit under 42 U.S.C. §

5

1983. *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). SHP is a corporation and not a person; additionally, Plaintiff has not alleged how SHP is a person acting under color of state law. Thus, dismissal is appropriate and recommended for Plaintiff's claims against ACDC and SHP.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B). As noted above, it is recommended that Defendants ACDC and SHP be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Gallum, Hettich, and Staten.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 8, 2017
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).