IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell A. Brantley, | ) |
|     Plaintiff, | ) C/A No. 4:17-0814-MBS |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| James Staten, Lt. Hettich, and Captain Gallum,[1] | ) |
|     Defendants. | ) |

At the time of the underlying complaint, Plaintiff Russell A. Brantley was a pretrial detainee housed at the Aiken County Detention Center (ACDC). Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on March 27, 2017, asserting that he fell out of a top bunk at ACDC and suffered a separated collarbone. Plaintiff brings this action against Defendant James Staten, a third-party medical provider at ACDC, and Defendants Lt. Hettich and Captain Gallam, employees of the Aiken County Sheriff's Department who are assigned to ACDC. Plaintiff contends he was denied adequate medical care in violation of his constitutional rights. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

This matter is before the court on motion for summary judgment filed by Defendants Gallam and Hettich on October 10, 2017, as well as motion for summary judgment filed by Defendant Staten on October 10, 2017. By order filed October 11, 2018, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible

---

[1] Properly identified as Captain Gallam.

consequences if he failed to respond adequately. Plaintiff filed no response to the motions for summary judgment. Defendant Staten filed a reply in support of his motion for summary judgment on February 23, 2018.

Also before the court is a motion to dismiss for lack of prosecution filed by Defendants Gallam and Hettich on January 26, 2018. A second Roseboro order was issued on January 29, 2018. Plaintiff filed a response in opposition to the motion to dismiss on February 16, 2018.

On June 26, 2018, the Magistrate Judge issued a Report and Recommendation in which he determined that Defendants are entitled to Eleventh Amendment immunity and that any claims by Plaintiff for prospective relief are moot, as Plaintiff no longer is housed at ACDC. Accordingly, the Magistrate Judge recommended that Defendants' motions for summary judgment be granted, and that Defendants Hettich and Gallam's motion to dismiss for lack of prosecution be denied. No party objected to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and concurs in the recommendation of the

Magistrate Judge.  The court further notes that, as set out in detail in the Report and Recommendation, Plaintiff was examined by medical personnel, transported to the emergency room, was prescribed medications for pain, and eventually referred to orthopedic surgery.  Claims that detention center officials were deliberately indifferent to the medical needs of a pretrial detainee are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment.  See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).  The due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner.  Id.  To determine whether a prison official has violated a prisoner's Eighth Amendment rights, a court must determine "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)."  Williams v. Benjamin, 77 F.3d. 756, 761 (4th Cir. 1996).  The court concludes that there is no evidence to support a constitutional violation.

For the reasons stated herein and in the Report and Recommendation, Defendants' motions for summary judgment (ECF Nos. 57, 58) are **granted**.  Defendants Hettich and Gallam's motion to dismiss for lack of prosecution (ECF No. 64) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 20, 2018